## THOMPSON v. MALLORY BROTHERS & COMPANY.

The defendant in an action upon a promissory note, brought under the practice act of December 16, 1895, having at the appearance term answered that the note sued on had "been fully settled and satisfied by the giving of another note which plaintiffs accepted from defendant in lieu of and in full satisfaction of said note, the subject of this suit," there was no error at the trial term in refusing to allow the defendant to file an amended answer alleging that he had paid in cash the note sued on, there being no affidavit from him that at the time of filing the original answer he did not have notice or knowledge of the new facts or defense set out in the amended answer.

Argued May 23, — Decided June 7, 1898.

Complaint on note. Before Judge Gamble. Tattnall superior court. October term, 1897.

Thompson was sued upon a promissory note, and at the appearance term filed a plea setting up that the plaintiffs had accepted from the defendant, in full settlement of the note sued on, another note, upon which suit was then pending. To this plea the defendant offered, during the trial of the case, an amendment admitting the execution and delivery of the note, and that the plaintiffs were the holders and owners of it, and averring that on a certain date prior to the bringing of the suit the defendant had paid the note in full. This plea was sworn

to by the defendant.    There was no affidavit that at the time
of filing the original plea the defendant did not have notice or
knowledge of the new facts or defense set out in the amend-
ment; and upon this ground the plaintiffs moved to reject the
amendment.    The court sustained the motion.    The plaintiffs
introduced the note sued on, and closed; and there being no
evidence introduced for the defendant, the court directed a ver-
dict for the plaintiffs for the full amount of the note.    The de-
fendant excepted to the refusal to allow the amendment.

*Isaiah Beasley* and *James K. Hines*, for plaintiff in error.

LITTLE, J.    Only one question is presented for consideration
by the record in this case.    The plaintiff in error (who was the
defendant below) at the appearance term of the suit, October
term, 1896, answered the petition which had been filed to re-
cover judgment on a promissory note, dated April 15, 1890, for
the principal sum of $148.66, and averred that the note "has
been fully settled and satisfied by the giving of another note
which plaintiffs accepted from defendant in lieu of and in full
satisfaction of said note, the subject of this suit"; and proceeded
to describe the note so given and accepted.    At the October ad-
journed term, 1897, and during the trial of the case, the defend-
ant offered an amendment to his answer, averring, in substance,
that: "On the first day of December, 1890, in the city of Ma-
con, this defendant paid to the plaintiffs the sum of $148.66 in
full payment of the note sued on," etc.    The court refused to
allow the amendment; and we are to determine whether the
judgment refusing to allow such amendment was erroneous.
It is insisted by counsel for plaintiff in error, that the original
answer filed by the defendant was in effect a plea of payment
and the amendment did not set up any new facts or defense of
which notice was not given by the original plea.    If this con-
tention is sound, the amendment should have been allowed;
if, on the contrary, the original plea was not that of payment,
or if new facts or defense, notice of which was not given by
the original plea or answer, are set up by the amendment,
then it was properly refused.    Treating the original answer as
a plea technically, it was not a plea of payment, but that of

accord and satisfaction, which is defined to be "the substitution of another agreement between the parties in satisfaction of a former one and an execution of the latter agreement." 2 Parsons on Contracts, 799; Civil Code, § 3732. However, it is not necessary under our system of pleading to determine whether, treated as a plea, the original answer would be classed as a plea of payment or of accord and satisfaction. The plaintiffs below alleged that Thompson was indebted to them on a promissory note. Answering this petition, Thompson denied this right of the plaintiffs to recover on the note; he denied the right of recovery, because of the fact that before the institution of the suit he had given to the plaintiffs another note which the latter had accepted "in lieu and in full satisfaction" of the note sued on. The pleadings reduced the case to one issue: that is, did Thompson, as averred, give the plaintiffs a new note, and did the latter accept the same in satisfaction of the note sued on? And so the contention between the parties stood at the time the case went on trial, November 29, 1897.

The seventh section of the act of 1895 (Acts 1895, p. 44, Civil Code, § 5057) declares, that after the time allowed for answer has expired "the defendant shall not in any case by amendment set up any new facts or defense of which notice was not given by the original plea or answer, unless, at the time of filing such amended plea or answer containing the new matter, he shall attach an affidavit that at the time of filing the original plea or answer he did not have notice or knowledge of the new facts or defense set out in the amended plea or answer." In this case no such affidavit was attached to the amended answer. The fact set up by the original answer was, that the defendant had made and delivered a new note which was accepted by the plaintiffs in satisfaction of the one on which they sought a recovery. The notice which the plaintiffs then received was confined to this fact. The amended answer recited that in December, 1890, the defendant had paid plaintiffs one hundred and forty-eight and 66/100 dollars in full payment of the note sued on. In the one case he averred that he had satisfied the note by giving a new promise to pay; in the other, that at a given time and place he had paid to plaintiffs a given

sum of money in full payment of the note. The statute contemplates that the defendant shall not set up any new facts by way of amendment, of which he had knowledge at the time he answered, unless notice of such facts be given in the original answer. Necessarily the plaintiffs could have had no notice that the defendant relied on showing the fact that he had on a given day paid to plaintiffs the amount of the note in money, in full settlement of the same, from the averment that before the institution of the suit he had given to.the plaintiffs another promissory note in lieu and in satisfaction of the one on which suit was brought. The facts stated in the original answer are different from the facts stated.in the amendment offered. The latter changes the issue made by the former, and can not be allowed, under existing law, in the absence of the required affidavit. *Judgment affirmed. All the Justices concurring.*